UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**UNITED STATES OF AMERICA**                )
                                            )
                                            )
    v.                                      )   **CRIMINAL ACTION**
                                            )   **No. 17-40048-TSH**
                                            )
**DAVID BRUNELL,**                          )
                                            )
            **Defendant.**                  )
_____)

## DECISION AND ORDER
### June 28, 2018

**HILLMAN, D.J.**

### Background

Defendant, David Brunell, was indicted on October 26, 2017 on one count of government theft in violation of 18 U.S.C. § 641. Brunell's father had been receiving retirement benefits from the Social Security Administration ("SSA") prior to his death in 1993. After his death, the SSA continued to deposit funds into Brunell's late father's account. It is alleged that between January 2004 and May 2017, Brunell spent these funds on expenses such as airfare, travel, and monthly mortgage payments.

Brunell has filed a motion to dismiss the portion of the indictment that covers conduct prior to the five year statute of limitations for the offense.

### Discussion

Pursuant to 18 U.S.C § 3282(a), non-capital offenses, such as a violation of 18 U.S.C. § 641, have a statute of limitations of five years. A statute of limitations begins to run when the

crime is complete. *Pendergast v. United States*, 317 U.S. 412, 418 (1943). Generally, a crime is complete "as soon as every element in the crime occurs." *Toussie v. United States*, 397 U.S. 112, 124 (1970). However, this is not the case where a crime is "continuing" and the statute of limitations is tolled. *Id*. at 115. Crimes are considered "continuing" where "the explicit language of the substantive criminal statute compels such a conclusion" or "the nature of the crime involved is such that congress must assuredly have intended that it be treated as a continuing one." *Id*. It is undisputed that the explicit language of the statute does not make this a continuing crime, thus the remaining question is whether the nature of the crime makes clear a congressional intent for it to be deemed continuing.

Defendant argues that violations of 18 U.S.C § 641, which prohibits embezzling, stealing or otherwise unlawfully taking government property, do not inherently constitute a continuing crime. In support of this argument, Defendant cites to cases from the district of Maine which have found that violations of 18 U.S.C. § 641 are not inherently a criminal offense. *See, e.g., U.S. v. Powell*, 99 F. Supp. 2d 414, 416 (D. Me. 2011); *U.S. v. Young*, 694 F. Supp. 2d 25, 26 (D.Me. 2010); *U.S. v. Bundy*, 2009 U.S. Dist. LEXIS 56466, at *25 (D. Me. Mar. 31, 2009). This Court is not persuaded by these decisions.

While the First Circuit has not decided the issue of whether violations of 18 U.S.C § 641 are a continuing offense, it has found that "embezzlement, by its very nature, contemplates that several separate transactions may form a single, continuing scheme, and may therefore be charged in a single count." *U.S. v. Daley*, 454 F.2d 505, 509 (1st Cir. 1972). Here, although numerous purchases were made from the account throughout the thirteen year-period, the indictment was for a single count. This is due to the inherently continuous nature of the crime. Further, in *U.S. v. Phan*, a court in this district concluded that wrongfully receiving

Supplemental Security Income ("SSI") benefits as a result of an initial misrepresentation, in violation of 18 U.S.C. § 641, is a continuing offense. *U.S. v. Phan*, 754 F. Supp. 2d 186, 190 (D. Mass. 2010). In reaching that conclusion, the court considered two features of a continuing crime: (1) "commission of such crimes take place not in a moment, but over a span of time" and (2) "harm done to society through [its] commission necessarily continues for as long as the crime in ongoing." *Id*. (citing *U.S. v. Morales*, 11 F.3d 915, 921 (9th Cir. 1993)). Like wrongfully receiving SSI benefits, wrongfully receiving and spending SSA retirement benefits is a continuing crime. This was not a one-time deposit, nor were the funds spent on a single purchase. Rather, the wrongful acquisition and misuse of government funds allegedly occurred over a period of thirteen years. Likewise, the harm done to society was ongoing, as the Defendant allegedly continued to receive payments of government funds for decades. Due to the ongoing commission of the crime and the ongoing detriment to society, the theft of government funds, in violation of 18 U.S.C. § 641, constitutes a continuous crime which tolls the statute of limitations.

Supporting this conclusion is the Fourth Circuit's decision that violations of 18 U.S.C § 461 constitute a continuous crime. *U.S. v. Smith*, 373 F.3d 561, 568 (4th Cir. 2004). There, the court considered a nearly identical situation to the current case in which the defendant continued to collect SSA benefits after failing to report his mother's death. *Id*. at 563. The Court concluded that such an offense constitutes "a single continuous scheme to embezzle government funds and was of a nature that Congress must have intended that it be treated as a continuing offense." *Id*. at 568. Due to the similarities of the offense in *Smith* and the alleged offense here, this Court is further persuaded that Brunell's conduct must also be of the nature that congress intended it to be treated as a continuous crime, which tolls the statute of limitations. Because the continuing

nature of the alleged crime tolled the statute of limitations, conduct that occurred throughout the thirteen year period can be considered for prosecution.

## Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket No. 34) is ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT COURT JUDGE**
